IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

MELISSA TEITEL
235 West 75th Street, Apt. 6F
New York, New York 10023

      Plaintiff,

v.

BARRY J. COHEN, M.D.
500 Rockford Rd.
Wheaton, MD 20902-1536

and

WASHINGTON PLASTIC SURGERY GROUP, L.L.C.
3203 Tower Oaks Blvd
Suite 200
Rockville, MD 20852

and

BARRY J. COHEN, M.D., P.C.
3203 Tower Oaks Blvd
Suite 200
Rockville, MD 20852

      Defendants.

Case No. 8:10-cv-00535

## FIRST AMENDED COMPLAINT

Plaintiff, Melissa Teitel ("Teitel" or "Plaintiff"), by way of complaint against Defendants, Barry J. Cohen, M.D., Washington Plastic Surgery Group, LLC and Barry J. Cohen, M.D., P.C. (collectively "Defendants"), hereby alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims

asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

2. Venue is proper in this District in that a substantial part of the events giving rise to these claims occurred in this District pursuant to 28 U.S.C. § 1391(a).

3. The Health Care Alternative Dispute Resolution Office issued an Order of Transfer on or about February 18, 2010 after Plaintiff elected a waiver of arbitration under the provisions of the Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-2A-06B.

## PARTIES

4. Plaintiff Teitel is an individual residing at 235 West 75th Street, Apt. 6F, New York, New York 10023 and a citizen of New York.

5. Defendant Barry J. Cohen, M.D. ("Cohen") is an individual, and member of Washington Plastic Surgery Group, LLC, residing at 500 Rockford Road, Wheaton, Maryland 20902-1536, and is a citizen of Maryland.

6. Defendant Washington Plastic Surgery Group, LLC ("WPSG") is a Maryland limited liability company with its principal place of business located at 3203 Tower Oaks Blvd., Suite 200, Rockville, Maryland 20852.

7. Defendant Barry J. Cohen, M.D., P.C. is a Maryland professional corporation with its principal place of business located at 3203 Tower Oaks Blvd., Suite 200, Rockville, Maryland 20852.

8. Bennett Yang, M.D. is a member of Washington Plastic Surgery Group, LLC and is a citizen of the State of Maryland.

9. Adam Tattelbaum, M.D. is a member of Washington Plastic Surgery Group, LLC

and is a citizen of the State of Maryland.

10.     Frederick H. Watkins, M.D. is a member of Washington Plastic Surgery Group, LLC and is a citizen of the State of Maryland.

## FACTS

11.     Defendant Cohen was a medical doctor who rendered treatment and/or medical services to the Plaintiff.

12.     Defendant Cohen was a medical doctor who rendered treatment and/or medical services to the Plaintiff individually and on behalf of Defendant WPSG.

13.     Defendant Cohen was a medical doctor who rendered treatment and/or medical services to the Plaintiff individually and on behalf of Defendant Barry J. Cohen, M.D., P.C. for the second surgery.

14.     Defendant Cohen is a medical doctor who performs plastic surgery.

15.     Defendant Cohen agreed to provide Plaintiff with breast augmentation surgery.

16.     Defendants' scheduled the Plaintiff's surgery for January 2, 2007.

17.     Defendant Cohen never saw Plaintiff for a "pre-op" consult, or any appointment to discuss, among other things, the surgery, what size she wanted, how she wanted it to look, what type of implant to use, how long the recovery would be, and/or what risks the surgery entailed.

18.     Defendant Cohen performed the above surgery on or about January 2, 2007.

19.     After the surgery, Defendant Cohen insisted that Plaintiff's chest would "drop" and would soften and that she needed to wait.

20.     After five (5) months, Plaintiff was still uncomfortable, in pain, and Defendant Cohen performed a second surgery.

21.     The second surgery was scheduled for June 2, 2007.

22. Defendant Cohen charged Plaintiff for the second surgery.

23. Again, Defendant Cohen did not discuss the second surgery with Plaintiff; he did the surgery without any consultation.

24. After the second surgery, Plaintiff was in an increasing amount of pain over time.

25. Defendant Cohen informed Plaintiff that she probably had a "capsular contracture" and that it would go away. The pain did not go away and Plaintiff could not sleep well, let alone lie on her stomach.

26. Defendant Cohen agreed to perform a third surgery and scheduled the third surgery for October 2007. The day of the surgery, Defendant Cohen cancelled the surgery and informed Plaintiff that if he just "pops" the implants, the capsule will go away.

27. After the third surgery (the "popping" of the implants), Plaintiff was still in pain, and she had disfiguring scars from where Defendant Cohen cut the nipple during the first two surgeries.

28. In December, 2007, Plaintiff was still complaining of the pain, and Defendant Cohen stated that he would redo the surgery in January, 2008. Defendant Cohen canceled the surgery three (3) times, requiring Plaintiff to seek out another doctor in New York for a consultation and scheduled a third surgery for April 9, 2008.

29. As a result of the surgeries performed without informed consent by Defendant Cohen, Plaintiff underwent a fourth surgery and had to undergo general anesthesia a third time along with all of the deleterious effects concomitant with general anesthesia.

30. The fourth surgery was performed to remove the capsular contracture, remove the empty implant bags, remove scar tissue that had accumulated, insert new implants, and correct the uneven and unattractive breasts that resulted from Defendant Cohen's performing surgery

without informed consent.

31. The fourth surgery entailed cutting around the entire areola, removing the popped implants, cutting the muscle, and replacing a new implant. The surgery was also much more lengthy, and as a result, Plaintiff had a long recovery.

32. It must also be noted that Defendant Cohen told Plaintiff that after popping the implants, he could simply lie to "Inamed," the manufacturer of the implants, and state that the implants had ruptured on their own, and thus, they would be "required" to cover the costs of the future surgery.

33. Unfortunately, the fourth surgery was canceled because Plaintiff's doctor sent her for a medical exam including blood work to be conducted prior to the surgery that revealed her platelet levels to be practically non-existent. Plaintiff was referred to a hematologist and was diagnosed with an idiopathic blood disorder. Her fourth surgery was rescheduled and performed in June, 2008.

34. Six months later, in December, 2008, Plaintiff underwent yet a fifth surgery necessary to remove a second capsular contracture caused by the tissue remaining in her breasts.

35. Nine months later, on September 11, 2009, Plaintiff underwent yet a sixth surgery during which all of her natural breast tissue was removed and her own bodily fat was added to support her breasts. Because of Defendant Cohen's performing the first two surgeries without informed consent, Plaintiff underwent five surgeries to correct the problems that resulted from the initial surgery performed by Defendant Cohen.

36. Defendant Cohen carelessly, recklessly and negligently failed to fully inform, and/or obtain informed consent, which adversely affected the health, well-being and future treatment of Plaintiff.

37. By reason of the aforesaid, Plaintiff was caused to suffer and sustain severe and permanent serious personal injuries, severe and serious pain and suffering and mental anguish; she has been caused to expend and become obligated to expend sums of money for medical services and related expenses, and has thereby been injured and damaged.

38. At all of the times aforementioned, Defendant Cohen failed to adequately inform Plaintiff, or to warn her of the nature, purpose, known perils, recognized hazards, risks and/or possible complications of the medical diagnosis, treatment, services and advice rendered; Defendant Cohen did not inform Plaintiff of any alternative methods of treatment; nor did Defendant Cohen obtain an informed consent by or on behalf of Plaintiff regarding the outcome or possible consequences of the medical diagnosis, treatment, services and advice rendered and omitted to be rendered to Plaintiff.

39. Plaintiff would not have undergone the treatment or diagnosis if she had been fully informed, and the lack of said informed consent is a proximate cause of the injuries or conditions for which recovery is sought.

40. That Defendants carelessly, recklessly and negligently failed to properly fully inform, and/or obtain informed consent, which adversely affected the health, well-being and future treatment of the Plaintiff.

41. Defendants failed to properly supervise those persons who were attending to the Plaintiff and were further negligent in the hiring, training, and retention of said persons.

42. By reason of the aforesaid premises, Plaintiff was caused to suffer and sustain severe and permanent serious personal injuries, severe and serious pain and suffering and mental anguish; Plaintiff has been caused to expend and become obligated to expend sums of money for medical services and related expenses, and has thereby been injured and damaged in a sum

which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

43. At all of the times aforementioned, Defendants, agents, servants, licensees, employees and those persons who rendered medical diagnoses, care, treatment, services and advice to the Plaintiff, failed to adequately inform Plaintiff or Plaintiff's representatives, or to warn them of the nature, purpose, known perils, recognized hazards, risks and/or possible complications of the medical diagnosis, treatment, services and advice rendered to the Plaintiff; nor did Defendants inform the Plaintiff or Plaintiff's representatives of any alternative methods of treatment; nor did Defendants obtain an informed consent by or on behalf of the Plaintiff regarding the outcome or possible consequences of the medical diagnosis, treatment, services and advice rendered and omitted to be rendered to the Plaintiff.

44. A reasonable person in Plaintiff's position would not have undergone the treatment or diagnosis if she had been fully informed, and the lack of said informed consent is a proximate cause of the injuries or conditions for which recovery is sought.

45. As a result of all of the foregoing, Plaintiff was injured and damaged in a sum which exceeds the jurisdictional limitations of all lower courts, which would otherwise have jurisdiction over this action.

WHEREFORE, Plaintiff Melissa Teitel prays for judgment against Barry J. Cohen, M.D., Washington Plastic Surgery Group, LLC and Barry J. Cohen, M.D., P.C. jointly and severally, plus all costs and post-judgment interest at the legal rate of ten percent (10%) per annum from the date of the judgment.

Respectfully submitted,

By: _____s/ Alexander Nemiroff___
ALEXANDER NEMIROFF, ESQUIRE
Maryland Bar No. 014143
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033
(856) 795-2121 (tel.)
(856) 795-0574 (fax)
anemiroff@archerlaw.com

Attorneys for Plaintiff

Dated:

5573822v1